## A95A0376. REDDING v. THE STATE.
(458 SE2d 168)

BIRDSONG, Presiding Judge.

William Robert Redding appeals his conviction for hunting over a baited field in violation of OCGA § 27-3-9. Although he enumerates two errors, Redding essentially contends the acts he committed did not constitute "hunting," and that the evidence is insufficient to sustain his conviction. Because the evidence shows Redding was hunting within the meaning of Georgia law, we affirm his conviction. *Held*:

On appeal the evidence must be viewed in the light most favorable to the verdict, Redding no longer enjoys the presumption of innocence, and we determine the sufficiency of the evidence and neither weigh the evidence nor judge the credibility of the witnesses. *Grant v. State*, 195 Ga. App. 463 (393 SE2d 737). Further, we do not speculate which evidence the factfinder chose to believe or disbelieve. *Mills v. State*, 137 Ga. App. 305, 306 (223 SE2d 498). Considered in this manner the evidence, particularly the testimony of the conservation ranger, is sufficient to sustain Redding's conviction, within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

Although Redding contends he was not hunting over a baited field because he was hunting about 70 yards from the baited field and was not "pursuing" deer, the ranger testified that he found Redding with a loaded firearm, surrounded by boot tracks matching his boots, standing right in the area of approximately 20 pounds of clearly visible shelled corn that had been spread on the ground. Further, even though Redding chooses to limit his definition of hunting to being in the act of pursuing, shooting, killing, taking, or capturing wildlife, actually performing those acts is not required. Hunting "also includes acts such as placing, setting, drawing, or using any device used to take wildlife, whether any such act results in taking or not." OCGA § 27-1-2 (39). As Redding's activities constituted placing, setting, drawing, or using a device to take wildlife, his claim that he was not actually in the act of pursuing, shooting, killing, or taking deer at the time he was apprehended is of no significance. Moreover, the trial court was not obligated to believe Redding's testimony that he was hunting

from a deerstand that was 70 yards from the bait, especially considering the ranger's testimony that one could readily shoot a deer in the baited area from the deerstand from which Redding claimed to be hunting.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JUNE 5, 1995.

*Edward & Youmas, LaTonya C. Nix,* for appellant.
*Ralph M. Walke, District Attorney, Peter F. Larsen, Assistant District Attorney,* for appellee.