A97A0144. BROWN v. THE STATE.
(483 SE2d 641)

Judge Harold R. Banke.

Derrick Brown was convicted of burglary, armed robbery, kidnapping, and possession of a firearm during the commission of a felony. On appeal, he enumerates three errors.

The evidence, viewed in the light most favorable to the verdict, reveals the following. *Sims v. State*, 266 Ga. 764, 765 (1) (470 SE2d 886) (1996). This case arose after Brown or one of his co-defendants kicked open the front door of Diane Davis' home. The men ordered Davis, several of her young children, and two stepsons to the floor at gunpoint and demanded money. They took Davis' jewelry and threatened to shoot unless someone told them the location of money they believed was on the premises. After their search was unsuccessful, the men forced one of Davis' stepsons, Toronto Burdett, into Davis' Cadillac, to help them find Burdett's father, who they

assumed had money. The perpetrators were apprehended as they left the scene of another burglary. *Held*:

1. The evidence, viewed in the light most favorable to the verdict, was sufficient to permit a rational trier of fact to find all the essential elements of the crimes. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). So long as some competent evidence, even if contradicted, supports each fact necessary to make out the State's case, the verdict must stand. *Grier v. State*, 218 Ga. App. 637, 638 (463 SE2d 130) (1995). Any conflicts in the evidence must be resolved by the jury. Id.

Notwithstanding Brown's argument to the contrary, the evidence of his identity and participation in each of the crimes was more than sufficient to satisfy *Jackson v. Virginia*. Several of the victims, including Toronto Burdett, identified Brown and testified to his participation in the crimes. As a party to the crimes, Brown was accountable for the actions of his co-defendants. *McMonagle v. State*, 196 Ga. App. 300, 301-302 (1) (395 SE2d 821) (1990); *Wright v. State*, 165 Ga. App. 790 (1) (302 SE2d 706) (1983). Moreover, Brown himself gave an incriminating statement after his arrest, admitting his association with the armed group that kicked in the door. In light of the evidence of guilt, a directed verdict of acquittal would have been inappropriate. *Griner v. State*, 192 Ga. App. 283 (1) (384 SE2d 398) (1989).

2. The trial court properly denied Brown's motion to suppress the statement he made to police shortly after his arrest. The record shows that a detective administered Brown the warnings required under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), Brown signed the waiver form and agreed to talk with her without an attorney being present. The fact that Brown was tired, particularly when the detective curtailed the interview and arranged to resume the next day so Brown could rest, did not render his statement involuntary.[1] Nor did the fact that he quit school in 1986 or 1987 before completing the tenth grade and did not read well. See *Frymyer v. State*, 179 Ga. App. 391, 392 (1) (346 SE2d 573) (1986).

3. The trial court properly denied Brown's motion for mistrial. Brown's co-defendants sought a mistrial after Brown asked a deputy whether, at this point in the trial, his mother's cousin could be removed from the jury, but he refused to say which juror was his mother's cousin. Brown's co-defendants then moved for a mistrial, arguing that the presence of Brown's relative on the jury could poison the jurors against them. After the trial court individually questioned each juror in chambers and each denied the relationship, Brown

---

[1] The record shows that Brown received a second set of *Miranda* warnings prior to the second interview and he again signed a waiver of his rights.

admitted that one of the jurors simply looked like his mother's cousin. When the co-defendants renewed their motion, Brown inexplicably joined in.

We reject Brown's argument that the trial court's failure to issue curative instructions to eliminate any impression that the defendants had done something wrong entitled him to a mistrial. Brown never requested curative instructions, created the error through his own actions, and raised this argument for the first time on appeal. *Boatright v. State*, 192 Ga. App. 112, 116 (5) (385 SE2d 298) (1989) (litigants cannot acquiesce to ruling and complain of same on appeal); see *Johnson v. State*, 222 Ga. App. 722, 729 (11) (475 SE2d 918) (1996).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MARCH 5, 1997.

*Patrick G. Longhi*, for appellant.
*Lewis R. Slaton, District Attorney*, for appellee.