## A97A0410. BURTON v. THE STATE.
### (483 SE2d 658)

JOHNSON, Judge.

A jury found Robert Lee Burton guilty of armed robbery and aggravated assault. The trial judge merged the two offenses, and sentenced Burton only on the armed robbery count. Burton appeals from the judgment of conviction and the denial of his motion for new trial. We affirm.

1. Burton claims the evidence is insufficient to support his conviction. On appeal, we view the evidence in the light most favorable to the verdict; the presumption of innocence no longer applies. An appellate court may not weigh the evidence, or speculate which testimony the factfinder chose to believe or discredit. *Redding v. State*, 217 Ga. App. 529 (458 SE2d 168) (1995).

Burton's grandmother testified that Burton hit her in the head with a hammer, took her pocketbook, and left her house. After lying on the floor for awhile, she got up and called 911, describing Burton to the operator. The police apprehended Burton later that afternoon, finding him in possession of a pocketbook, necklace, knife, and other small items, all of which his grandmother identified as hers. Based on this evidence, a rational trier of fact could have found Burton guilty of armed robbery. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Burton claims that the trial court erred in denying his motion for mistrial when the prosecutor allegedly stated in her closing argument that she personally believed the grandmother's testimony over Burton's. The trial court sustained the objection and instructed the prosecutor not to state her personal beliefs.

Although the objection, motion for mistrial, and rulings by the court were transcribed, the closing argument itself was not. Nor do

we have a proper substitute for the transcript. See OCGA § 5-6-41. We must therefore presume the trial court acted properly. See *Strickland v. State*, 211 Ga. App. 48, 49 (2) (438 SE2d 161) (1993). Moreover, the court's charge instructed the jury that arguments of counsel were not evidence, and that it was up to the jury to decide which witnesses to believe or disbelieve. Whether a mistrial is necessary to protect the defendant's right to a fair trial is a decision largely within the discretion of the trial court. See *Young v. State*, 221 Ga. App. 462, 463 (1) (471 SE2d 523) (1996). In these circumstances, we find no abuse of discretion.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MARCH 5, 1997.

*Devon A. Orland*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Jeanne M. Canavan, Assistant District Attorneys*, for appellee.