A97A0817. GREEN v. THE STATE.
(486 SE2d 691)

JOHNSON, Judge.

A jury found Abraham Green guilty of child molestation. After his motion for new trial was denied, Green's trial counsel filed a notice of appeal but failed to file a brief or enumerations of error, which resulted in the dismissal of the appeal. Green obtained new counsel, who sought and was granted leave to file this out-of-time appeal. We affirm the judgment of conviction and the denial of the motion for new trial.

1. Green contends the verdict was unsupported by the evidence. On appeal, we view the evidence in the light most favorable to the verdict, and the presumption of innocence no longer applies. We may not weigh the evidence or speculate which evidence the factfinder chose to believe or disbelieve. *Redding v. State*, 217 Ga. App. 529 (458 SE2d 168) (1995).

Viewed in this light, the evidence shows Green sold candy to neighborhood children from his residence. The victim, a boy who was then six years old, came to Green's home to buy candy on June 3, 1995. The victim identified Green at trial as the man who pulled down the victim's pants and touched his penis. The victim's aunt testified the boy told her on June 3 "the candy man" had pulled down his pants and touched his penis. The aunt called the police immediately. The patrol officer who responded to the call testified the victim said that the candy man had touched his private parts, and that the candy man's name started with the letter A. After consulting with his supervisor, the officer turned the matter over to the detective division. Two detectives and Green's parole officer[1] all testified Green admitted to them he had molested the victim. One of the detectives also testified the victim told her Green had touched his private parts. This evidence was sufficient. See *Heard v. State*, 221 Ga. App. 166, 167 (1) (471 SE2d 22) (1996); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In Green's brief and enumeration of errors, he raises two other issues without separately identifying them as errors: whether the

---

[1] At the time of the events in question, Green was on parole for a previous offense. The jury was not informed of this, and Green's parole officer was not identified as a parole officer in the jury's presence.

trial court improperly admitted evidence impugning his character, and whether he was subjected to improper questioning after he invoked his right to an attorney. This Court is not required to consider these issues because they are not separately enumerated. In this instance, however, we will exercise our discretion and address them. See *Robinson v. State*, 200 Ga. App. 515, 518 (2) (b) (408 SE2d 820) (1991); see OCGA §§ 5-6-30; 5-6-40.

3. During questioning by the two detectives, Green admitted that when the victim came to his house on June 3, 1995, he was watching a videotape depicting male homosexual intercourse. The detectives returned to Green's residence with Green, who had a relative bring the tape to the police car. The tape was introduced into evidence by the prosecution, over Green's objection that it improperly placed his character in issue. Green contends the trial court erred in admitting the tape.

Possession of pornographic material is relevant to show bent of mind toward sexual conduct. The fact that it might incidentally bring the defendant's character into issue does not make it inadmissible. *Meier v. State*, 190 Ga. App. 625, 628 (4) (379 SE2d 588) (1989). Green has shown no abuse of discretion.

4. Green claims that he asked for a lawyer while the detectives were questioning him, and that they continued to question him without acceding to his request. He contends the following evidence should have been suppressed because it came to the state's attention as a result of the improper continuation of questioning: the videotape discussed above; his incriminating statements to the detectives; and his incriminating statements to his parole officer.

In the trial court, Green raised no challenge to the admissibility of his statements or the videotape based on the detectives' alleged failure to honor his request for a lawyer. He therefore waived the right to assert such a challenge on appeal. See *Stephens v. State*, 214 Ga. App. 183, 186 (8) (447 SE2d 26) (1994). Moreover, it appears from the testimony of the detectives and the parole officer that Green was fully advised of his *Miranda* rights; that the damaging statements to the detectives preceded the attorney request; that the first admission to the parole officer was made in a telephone call Green initiated; and that the second admission to the parole officer was merely cumulative of the first. We therefore find no harmful error. See *Underwood v. State*, 218 Ga. App. 530, 533 (2) (462 SE2d 434) (1995).

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MAY 14, 1997.

Before Judge Johnson.

*William D. Phillips*, for appellant.

*Charles H. Weston, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.

