A00A0022. JOHNSON v. THE STATE.
A00A0023. MOSBY v. THE STATE.
(526 SE2d 903)

McMurray, Presiding Judge.

A Richmond County jury convicted co-defendants Shawn Joshua Johnson and Bryan Andrew Mosby of two counts of criminal attempt to commit armed robbery (OCGA §§ 16-4-1; 16-8-41). They now appeal upon the trial court's denial of their motions for new trial. With a single exception, Johnson and Mosby enumerate identical claims of error. As a consequence, we have consolidated their cases for disposition on appeal. *Held*:

The evidence of record shows that Johnson, Mosby and two others, Lionel Hall and State's witness Stephen Fromm, were foiled in two criminal attempts to commit armed robbery, one committed in the late evening of May 12, 1998, and the second in the early morning hours of the following day. In the first of these attempts, Johnson, Mosby, Fromm and Hall fled as their victim, Regis Vann Hicks, backed his vehicle away from them at an Augusta area bank's drive-in automated teller machine. The four had surrounded Hicks' vehicle — Fromm, driving a black Neon belonging to Sue Gross, blocked Hicks' vehicle to the front while Johnson, Mosby and Hall, wearing masks or bandannas and wielding at least one BB pistol, fanned out around his car. Mosby slashed the front tires of Hicks' vehicle while Johnson or Hall, pointing a BB gun at Hicks, demanded the money that the four believed Hicks had withdrawn from the ATM as the other stood guard. In the second, the four fled once more as they attempted to rob Gregory Tyler at gunpoint in the driveway of his home — this because Tyler's wife turned on the porch light and announced she was calling the police. Shortly thereafter, Johnson, Mosby, Fromm and Hall were arrested after being sighted in the vicinity of a nearby hotel and briefly attempting to run. Fromm explained that the group had "stopped there just to look around to see what we could get . . . because we couldn't come back empty handed[ ]" as "[w]e would have gotten beat down" by their putative leader, Steve Barnes.

*Case No. A00A0022*

1. Johnson enumerates that the trial court erred in denying his motion for mistrial, arguing that the State's attorney improperly

commented upon his right to remain silent.

Johnson testified in his own defense, indicating, among other things, that he declined a police request to make a statement on the charges against him after his arrest. On cross-examination, the State's attorney pertinently questioned Johnson as follows: "Q: And it's also your testimony that you were approached by the police department in connection with giving a statement, is that correct? A: Yes, I was. Q: *And you declined at that time to give a statement, didn't you.*" (Emphasis supplied.) Johnson's defense counsel objected to this question and moved for a mistrial. In the hearing out of the presence of the jury which followed, the superior court sustained the objection but denied the motion for mistrial upon the State attorney's argument that the question was proper as within the scope of Johnson's testimony on direct. Johnson's attorney sought no curative instruction as to the complained-of question, and none was given.

In *Mallory v. State*, 261 Ga. 625, 630 (5) (409 SE2d 839), the Supreme Court of Georgia held that "comment upon a defendant's silence in criminal cases is far more prejudicial than probative and such comment by the state is not permitted." *Bruce v. State*, 263 Ga. 273, 274 (3) (430 SE2d 745). While the trial court refused to declare a mistrial in this case and gave no curative instruction, the trial court did caution the State's attorney against any further questions and comments regarding Johnson's post-arrest silence, and Johnson did not answer the question of which he complains. *Watkins v. State*, 206 Ga. App. 701, 706 (4) (426 SE2d 238). " 'Where an objected-to question is not answered by the witness there is no harmful error. (Cit.)' [Cit.]" Id. at 706 (6). Johnson's failure to request a curative instruction in the instant circumstances is consistent with the waiver of any Fifth Amendment concern implicit in his voluntary testimony regarding his refusal to make a statement to the police on direct. See *Fairbanks v. State*, 225 Ga. App. 666, 669 (2) (484 SE2d 693). Moreover, Johnson raises the trial court's failure to give a curative instruction for the first time on appeal. It is impermissible to acquiesce in a ruling of the trial court and be heard to complain later. *Brown v. State*, 225 Ga. App. 201, 203 (3) (483 SE2d 641). "Whether a mistrial is necessary to protect the defendant's right to a fair trial is a decision largely within the discretion of the trial court. [Cit.]" *Burton v. State*, 225 Ga. App. 217, 218 (2) (483 SE2d 658). Under the foregoing circumstances and in light of the overwhelming evidence of Johnson's guilt of record, the trial court did not abuse its discretion in refusing to grant a mistrial. Id.

*Case Nos. A00A0022 and A00A0023*

2. Johnson and Mosby contend that the trial court erred in deny-

ing their motions in limine to disallow the testimony of State's witness Fromm and Deputy James Michael Godowns at trial.

(a) *State's witness Fromm.* Johnson and Mosby argue that the State's attorney's failure to give them Fromm's statement ten days before trial and the need to interview Barnes as implicated by such statement in the offenses of which they stood accused required that their motion be granted for prejudice and bad faith shown under OCGA §§ 17-16-4; 17-6-6; 17-6-7; 17-6-8.

The record discloses that the State provided Johnson and Mosby a copy of State's witness Fromm's taped statement on the day it was taken, four days before trial. A copy of the transcript thereof was provided to Johnson and Mosby the following morning, three days before trial. At trial, neither Johnson nor Mosby sought a recess to interview Fromm. Violation of the OCGA § 17-16-8 (a) witness list rule requiring the State to provide a defendant the names of its witnesses not later than ten days before trial is not here implicated for impossibility. However, even had the rule been violated, there is no indication in the facts before us of surprise or bad faith resulting in prejudice to Johnson or Mosby. *Mize v. State*, 269 Ga. 646, 653 (7) (501 SE2d 219). "The witness list rule is designed to prevent a defendant from being surprised at trial by a witness that the defendant has not had an opportunity to interview. [Cit.]" Id.

Neither is there any indication of prejudice associated with Fromm's testimony for the superior court's refusal to permit Johnson and Mosby to interview Barnes, their alleged leader. Fromm's testimony made it clear that Barnes' only involvement in the instant offenses was to order them to "go out and get some money." In effect, Barnes gave them no more than the mission, leaving the means to Johnson, Mosby and their accomplices. There is nothing to the contrary otherwise of record. Under these circumstances, Barnes' testimony would have been irrelevant. OCGA § 24-2-1. Accordingly, these claims of error are without merit.

(b) *Deputy Godowns.* There was no violation of the witness list rule under OCGA § 17-16-8 (a) from the perspective of surprise. *Mize v. State*, 269 Ga. at 653 (7), supra. Though Deputy Godowns' name was not on the State's witness list, it is undisputed that his name appeared on multiple documents in the case files. There is no claim that defense counsel were denied access to such files before trial. Further, neither Johnson nor Mosby expressed surprise or sought an opportunity to interview Deputy Godowns when they were made aware that he would appear as a witness at trial. Id. Additionally, Deputy Godowns' testimony was cumulative of that provided by other sheriff's deputies and would have been harmless for this reason in any event. See *Hayes v. State*, 261 Ga. 439, 442 (4) (405 SE2d 660). The superior court did not err in allowing Deputy Godowns to

testify in these circumstances.

3. The trial court did not err in allowing Fromm's tape-recorded statement to be played to the jury. A witness' prior consistent statement is admissible where, " '(1) the veracity of (the) witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination.' *Woodard v. State*, 269 Ga. 317, 320 (2) (496 SE2d 896) (1998)." *Carter v. State*, 238 Ga. App. 708, 710 (2) (520 SE2d 15). Johnson and Mosby argue that Fromm's veracity was not in issue in that there was no "specific showing or holding" to that effect. However, a witness' veracity may be placed in issue "expressly or impliedly." *Cuzzort v. State*, 254 Ga. 745, 746 (334 SE2d 661) (Bell, J., concurring specially); *McGee v. State*, 205 Ga. App. 722, 726 (9) (423 SE2d 666).

The record reflects that Johnson and Mosby impliedly attacked the credibility of State's witness Fromm as having been disciplined as a soldier[1] and as a witness who was testifying for the State as a part of a negotiated plea bargain. The remaining *Woodard* requirements were also satisfied, as Fromm testified at trial and was available for cross-examination. This claim of error is therefore without merit.

4. Johnson and Mosby further enumerate that the trial court erred in charging the jury that the testimony of one accomplice may be corroborated by the testimony of another in that no witness' testimony corroborated that of State's witness Fromm.

A trial court may charge the law on an issue if there is some evidence, however slight, upon "which a legitimate process of reasoning can be carried. *Sapp v. Johnson*, 184 Ga. App. 603, 605 (362 SE2d 82)." *Mann v. Anderson*, 206 Ga. App. 760, 762 (1) (426 SE2d 583). Though Johnson and Mosby denied any participation in the offenses sub judice, both gave testimony supportive of a reasonable inference that they were accomplices therein as well as Fromm. In this regard, each testified that they were arrested together after such offenses. Johnson testified that they had been in the vehicle used in such offenses with Fromm before and after the offenses took place. Mosby connected himself with items found in the search of the vehicle following the group's arrest — he said he had seen the BB gun Fromm identified as the weapon used in the offenses before they occurred; he recognized a pool cue found in the vehicle as having been in the vehicle when he had ridden in it earlier; and he admitted that Ibuprofen found in the vehicle was medication for his back which he had taken from his pocket at that time. Under these circumstances, the trial

---

[1] At the time of trial, Fromm was a private E-1 in the Army, though he had been in service for more than a year.

court did not err in charging the jury that the testimony of an accomplice might be used to corroborate the testimony of another accomplice. This is particularly so in that a jury is entitled to believe part of a witness' testimony and yet discount or disregard the remainder of the witness' testimony. *Hicks v. State*, 221 Ga. App. 735, 736 (1) (472 SE2d 474).

5. Johnson and Mosby further contend that the trial court erred in denying their motions for new trial based on the insufficiency of the evidence. We disagree, concluding that the evidence was sufficient for a rational trier of fact to conclude that Johnson and Mosby were guilty as parties to the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Eason v. State*, 234 Ga. App. 595, 596 (1) (507 SE2d 175) ("Under OCGA § 16-2-21, one who intentionally aids and abets in the commission of a crime is a party to the crime and may be convicted of the commission of the crime. [Cits.]").

*Judgments affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED DECEMBER 14, 1999.

*Ellis R. Garnett*, for appellants.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.