## S11A0469. NORRIS v. THE STATE.
### (709 SE2d 792)

CARLEY, Presiding Justice.

Appellant Damien Norris and his co-defendant Demarcus Armour were tried jointly before a jury. Both were found guilty of the felony murder of Bernard Glass, Jr., the underlying felony of aggravated assault, and possession of a firearm during the commission of a felony. Armour was also found guilty of malice murder. The separate aggravated assault count against Norris was merged into the felony murder verdict. The trial court entered judgments of conviction and sentenced Norris to life imprisonment for murder. Although the trial court orally sentenced Norris to a consecutive five-year term for the weapons charge, the written judgment reflects a sentence of life imprisonment for both the murder and the weapons offense. A motion for new trial was denied, and Norris appeals.[*]

---

[*] The murder occurred on April 3, 2007, and the grand jury returned an indictment on August 10, 2007. The jury found Norris guilty on June 18, 2009, and, on the next day, the trial court entered the judgments of conviction and sentences. The motion for new trial was filed on July 8, 2009, amended on August 10, 2010, and denied on August 27, 2010. Norris filed the notice of appeal on September 2, 2010. The case was docketed in this Court for the January 2011 term and submitted for decision on the briefs.

1. Construed most strongly in support of the verdicts, the evidence shows that, a short time after Montrez Jones' brother shot Armour's brother at a housing complex, Jones returned to the complex. Armour and Norris began shooting across a street at Jones, who returned fire. The victim was an innocent 16-year-old bystander who was killed during the shootout. The evidence was sufficient to authorize a rational trier of fact to find Norris guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *McKee v. State*, 277 Ga. 577, 578 (1) (591 SE2d 814) (2004).

However, the trial court's sentence of Norris to life imprisonment for possession of a firearm during the commission of a felony far exceeds the statutory maximum term-of-years sentence. See OCGA § 16-11-106 (b), (c). Therefore, the sentence imposed for that offense "must be vacated and the case remanded for resentencing on that conviction." *Tesfaye v. State*, 275 Ga. 439, 443 (5) (569 SE2d 849) (2002).

2. Norris contends that the trial court erred when it refused to grant a continuance after the State violated the reciprocal discovery statute, OCGA § 17-16-1 et seq.

Pursuant to the State's request in March 2009, the case was specially set for Monday, June 15, 2009. Because Norris opted into reciprocal discovery under OCGA § 17-16-2 (a), the prosecuting attorney was required to furnish defense counsel with the names, current locations, dates of birth, and telephone numbers of the State's witnesses, "not later than ten days before trial, . . . unless for good cause the judge allows an exception to this requirement, in which event [defense] counsel shall be afforded an opportunity to interview such witnesses prior to the witnesses being called to testify." OCGA § 17-16-8 (a). See also *Cockrell v. State*, 281 Ga. 536, 538-539 (3) (640 SE2d 262) (2007). However, on June 9, less than ten days before trial, the prosecutor amended the list of State's witnesses from two to forty-seven witnesses.

All but two of the forty-seven witnesses were listed in discovery reports.

When the identity and involvement of a witness are otherwise disclosed to defendant in discovery provided to him by the State, the purpose of the witness list rule is served and the court may allow the State to call the witness even though he or she was not listed on the State's formal witness list. [Cits.]

*McLarty v. State*, 238 Ga. App. 27, 29 (2) (516 SE2d 818) (1999). It

appears that Norris was aware of all of the witnesses' identities except one and knew of the State's intention to call many of them as witnesses. See *Morris v. State,* 268 Ga. App. 325, 326 (1) (601 SE2d 804) (2004); *Johnson v. State,* 241 Ga. App. 448, 450 (2) (b) (526 SE2d 903) (1999). However, the discovery reports here did not contain sufficient contact information in several instances.

The trial court was authorized to exercise its discretion in deciding whether good cause has been shown for nondisclosure and in fashioning a remedy under OCGA § 17-16-6. *State v. Dickerson,* 273 Ga. 408, 410 (1), n. 3 (542 SE2d 487) (2001). "It is usually a sufficient remedy for the defense to be afforded an opportunity to interview the witness. [Cit.]" *Taylor v. State,* 305 Ga. App. 748, 753 (2) (a) (700 SE2d 841) (2010). OCGA § 17-16-6 lists a continuance as one possible remedy and also permits the trial court to "enter such other order as it deems just under the circumstances."

> " 'In enacting this statute, the legislature did not impose a rigid formulation or grant an exclusive remedy for a defendant or a fatal consequence to the State for failure to comply with the discovery mandates. Instead, it cloaked the trial court with the discretion to use its own judgment to ensure a fair trial.' " [Cit.]

*Childs v. State,* 287 Ga. 488, 493 (5) (696 SE2d 670) (2010). "The trial court has latitude in fashioning an appropriate remedy, and we will not reverse its decision absent an abuse of discretion. [Cit.]" *Luker v. State,* 291 Ga. App. 434, 435 (1) (662 SE2d 240) (2008). In particular, the "trial court's grant or denial of a continuance will not be disturbed in the absence of an abuse of discretion. [Cit.]" *Dunagan v. State,* 286 Ga. App. 668, 670 (3) (649 SE2d 765) (2007), rev'd on other grounds, 283 Ga. 501 (661 SE2d 525) (2008).

At a pre-trial hearing on June 12, defense counsel moved for a continuance pursuant to OCGA § 17-16-6. Instead of granting that motion, the trial court directed the State to compile a list of essential witnesses whom defense counsel would be permitted to interview after jury selection. The trial court discussed each witness on the shortened list with the parties. Some were excluded, and defense counsel waived any objection to many others. As to the two witnesses who were not listed in discovery, Norris' attorney agreed to a limitation on the testimony of one and was already aware of the other, seeking to exclude her testimony only on relevance grounds and not because of surprise. The trial court ordered the prosecutor to have certain witnesses available for interview on June 15 and expressly recognized that the State had problems, presumably previously specified difficulties with furloughs and reassignment of the

case to a new prosecuting attorney, and that the prosecutor was doing the best that she could. Late in the day on June 15, after jury selection, three of the witnesses were unhappy with being delayed, did not want to be stranded without a ride, and refused to be interviewed even though the trial court had apologized and explained that the need for their presence was attributable to the district attorney. When the trial court was informed on the morning of June 16 of the witnesses' refusal, the prosecutor noted that they were again present but could not be compelled to be interviewed and that defense counsel could proceed with interviews of any who were willing to speak. Norris' attorney said nothing, and Armour's lawyer agreed that they could not be compelled and stated that the true remaining issue is the untimeliness of the State's witness list. The trial court stated, "Okay. Let's bring the jurors out. We are starting the case." Neither defendant made any further objection.

" 'The witness list rule is designed to prevent a defendant from being surprised at trial by a witness that the defendant has not had an opportunity to interview.' [Cit.]" *Rose v. State*, 275 Ga. 214, 217 (3) (563 SE2d 865) (2002). Defense counsel attempted to interview the three witnesses in question on the first day of trial and declined to seek another such opportunity despite the State's invitation to do so early on the second day. See *Childs v. State*, supra; *Taylor v. State*, supra; *Luker v. State*, supra; *McLarty v. State*, supra at 29-30 (2). Although Norris' attorney had the opportunity to interview the three witnesses prior to opening statements and initially attempted to do so, they "simply declined an interview, 'as was [their] prerogative. (Cit.)' [Cit.]" *McLarty v. State*, supra at 29 (2). Moreover, defense counsel asked for no additional relief. See *Luker v. State*, supra. The motion for continuance was not renewed, and he never requested the exclusion of testimony, nor does he complain in this Court that any undisclosed witnesses' testimony should have been excluded. " 'Appellant cannot complain of a ruling his own procedure or conduct aided in causing.' [Cit.]" *McLarty v. State*, supra at 30 (2). Furthermore, Norris has failed to identify any testimony which was a surprise or to show that, with a continuance, he would have uncovered helpful information which he did not already know. See *Johnson v. State*, supra; *McLarty v. State*, supra at 29 (2). Indeed, Norris was able to use a prior inconsistent statement to impeach the one of the three witnesses who, he claims, provided the testimony which was most beneficial for the State.

Under all of the circumstances, including Norris' failure to show that he was prejudiced by the commencement of trial on June 15 and 16, we cannot say that the trial court abused its discretion when it denied the motion for continuance. See *Dunagan v. State*, supra at 671 (3). Moreover, we find that any error was harmless "in light of

the overwhelming evidence of [Norris'] guilt and conclude it highly probable that the [denial of a continuance] did not contribute to the jury's verdict[s]. [Cit.]" *Carter v. State*, 285 Ga. 394, 398 (6) (677 SE2d 71) (2009). See also *Dickerson v. State*, supra at 411-412 (2).

Furthermore, because the trial court did not abuse its discretion in refusing to grant a continuance due to the untimeliness of the State's witness list and because any error was harmless, Norris cannot succeed on his alternative claim that his right to effective trial counsel was violated thereby. See *Collier v. State*, 288 Ga. 756, 758 (4) (707 SE2d 102) (2011); *Howard v. State*, 288 Ga. 741, 746 (6) (707 SE2d 80) (2011). Moreover, contrary to Norris' argument, his claim of ineffective assistance does not require application of a presumption of prejudice, which is applicable only in extremely narrow circumstances. *Turpin v. Curtis*, 278 Ga. 698, 699-700 (1) (606 SE2d 244) (2004). In addition, his claim that trial counsel was ineffective when she failed to request that the jury panel be qualified again after the interview of new witnesses "is waived because it was not raised either in the motion for new trial as amended or at the hearing thereon by appellate counsel who had been appointed following [Norris'] conviction. [Cit.]" *Collier v. State*, supra at 758 (3). See also *Allen v. State*, 286 Ga. 392, 399 (5) (b) (687 SE2d 799) (2010).

3. Norris urges that the trial court erred in excluding the testimony of Norris' mother concerning a missing letter written to her by Armour when it ruled that the testimony would violate the best evidence rule and was not admissible as an incriminating statement.

> The "best evidence" rule, embodied in OCGA § 24-5-4, means that, when the contents of a writing are material, the original of the writing must be produced or its absence accounted for. [Cit.] Secondary evidence of the contents of a writing will be admissible "if an original writing is properly authenticated, its existence and admissibility shown, and its absence accounted for. . . ." [Cits.]

*Clark v. State*, 271 Ga. 6, 11 (6) (515 SE2d 155) (1999). Although testimony by Norris' mother showed that she received a handwritten letter purportedly from Armour, that she then mailed it to Norris, and that he never received it, she was unfamiliar with Armour's handwriting and conceded that she did not know whether someone else could have signed his name. " 'A nonexpert witness may identify the handwriting of a particular individual (as he would identify the individual himself), provided he knows the handwriting or is so familiar with it that he would recognize it. (Cit.)' [Cit.]" *Quick v.*

*State*, 256 Ga. 780, 783 (4) (353 SE2d 497) (1987). Because Norris' mother was not so familiar with Armour's handwriting that she would recognize it, and because there was not any other evidence that the particular letter which she described was written by Armour, it was not properly authenticated and, therefore, testimony regarding it was inadmissible under the best evidence rule. See *Clark v. State*, supra. Compare *Quick v. State*, supra; *Summerour v. State*, 211 Ga. App. 65, 66 (1) (438 SE2d 176) (1993).

Moreover, Norris' mother indicated only that the letter stated that the co-defendants did nothing and that Armour would take full responsibility and tell what happened, and Armour testified before the jury that he and Norris were unarmed and uninvolved and that another man shot the victim. Thus, any error in excluding the testimony of Norris' mother regarding the missing letter was harmless. " " " "(E)vidence wrongfully withheld is harmless where admissible evidence of the same fact is introduced.' (Cit.)" (Cit.)' [Cits.]" *Cannon v. State*, 288 Ga. 225, 226 (2) (702 SE2d 845) (2010). See also *Nix v. State*, 280 Ga. 141, 144-145 (4), (5) (625 SE2d 746) (2006).

4. Norris further contends that the trial court erred in denying his motion for severance and trying him jointly with Armour. The ground of that motion was that Norris could have obtained exculpatory testimony from Armour at a separate trial. As discussed above, however, Armour did give exculpatory testimony at the joint trial, and Norris has failed to show that Armour would have testified in a more beneficial manner at a separate trial. See *Westmoreland v. State*, 287 Ga. 688, 694 (5) (699 SE2d 13) (2010). Thus, "there has been no showing of harm such as would have warranted separate trials. [Cits.]" *Henderson v. State*, 162 Ga. App. 320, 326 (6) (292 SE2d 77) (1982).

*Judgments affirmed in part and vacated in part and case remanded for resentencing. All the Justices concur.*

DECIDED APRIL 26, 2011.

*Chaunda Brock, Deah B. Warren*, for appellant.
*Paul L. Howard, Jr.,* District Attorney, *Christopher M. Quinn, Paige R. Whitaker, Elizabeth A. Baker,* Assistant District Attorneys, *Thurbert E. Baker,* Attorney General, *Paula K. Smith,* Senior Assistant Attorney General, *Amy E. Hawkins Morelli,* Assistant Attorney General, for appellee.