31516. McCRAVY v. THE STATE.

PER CURIAM.

Appellant was convicted of armed robbery and has appealed. He has enumerated two errors in this court, both of which relate to the trial judge's charge to the jury.

Appellant's first contention is that the trial court committed error by wrongfully charging the jury that one

of the three elements of witness impeachment was ". . . proof of his or her conviction of a felony" when the appellant attempted to impeach a witness by evidence of her conviction of a misdemeanor. No exception was made to the charge at the trial, and in the context in which the impeachment of the witness by the appellant took place during the trial, the charge was not harmful to the appellant. The first enumerated error has no merit.

The second complaint is that the trial court erred in failing to charge the jury that sanity must be proved by the state beyond a reasonable doubt and, instead, charging that the defendant had the burden of proving insanity by a preponderance of the evidence.

The charge given by the trial judge had been requested by appellant, and even though he requested it, and it was given, he now claims that it was harmful error that would require a reversal of his conviction.

In *Patterson v. State,* 233 Ga. 724 (213 SE2d 612) (1975), this court made reference to "the long standing rule that error may not be enumerated upon the giving of a charge requested by defendant's counsel." P. 731. While there may be some exceptions to that rule, this case does not present one of them. This enumerated error is also without merit.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who concur in the judgment only.*

SUBMITTED SEPTEMBER 10, 1976 — DECIDED MARCH 2, 1977.

*Robert L. Whatley,* for appellant.
*Randall Peek, District Attorney, David R. Rogers, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn,* for appellee.