S96A0736. WILLIAMS v. THE STATE.
(471 SE2d 888)

BENHAM, Chief Justice.

Following his conviction for murder and several weapons charges, Bobby Lee Williams brings this appeal.[1] The evidence at trial autho-

---

[1] The crime was committed on October 16, 1993, and Williams surrendered to law enforcement authorities that same day. He was indicted on November 29, 1993, for murder, carrying a concealed weapon, possession of a firearm during the commission of a crime, carrying a deadly weapon at a public gathering, and carrying a pistol without a license. A trial on June 6, 1994, resulted in conviction on all counts, for which Williams was sentenced to life imprisonment and four concurrent terms of five years. A notice of appeal was filed on July 7, 1994, and the case was transmitted to this Court and docketed on January 25, 1996. It was submitted on briefs on March 18, 1996.

rized the jury to find the following as facts. Armed with a pistol for which he had no license and which was concealed in his clothes, Williams went to a club where his former girl friend was having an intermittent fight with the victim. Williams told the owner of the club that he was going to kill the victim. When the next fight between the victim and the former girl friend began, Williams intervened. He either pulled out and dropped his pistol, or it fell from his clothes as he and the victim fought. Williams got on top of the victim, regained possession of the weapon, and fired a shot into the victim's head, killing him. He reminded a witness that he had earlier said he would kill the victim. When a witness asked why he shot the victim, Williams threatened to kill her, too.

1. In his first two enumerations of error, Williams contends that the evidence adduced at trial was not sufficient to support his conviction for the offenses charged. We conclude, however, that the evidence summarized above was sufficient to authorize a rational trier of fact to find Williams guilty beyond a reasonable doubt of the charges against him. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Richards v. State*, 263 Ga. 65 (428 SE2d 84) (1993).

2. In his final enumeration of error, Williams complains of the trial court's admission into evidence of three photographs of the victim after death. One of the pictures depicted the victim as he lay at the scene of the killing and the other two were pre-autopsy photographs depicting the wounds. Photos depicting the location and nature of the victim's wounds are relevant and material and are admissible. *Crozier v. State*, 263 Ga. 866 (2) (440 SE2d 635) (1994). We find no abuse of discretion in the trial court's decision to admit the photographs into evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 1, 1996.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley*, District Attorney, *Erman J. Tanjuatco*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Beth Attaway*, Assistant Attorney General, for appellee.