## S98A0708. WILLIAMS v. THE STATE.

(508 SE2d 415)

BENHAM, Chief Justice.

Danny Williams appeals from his conviction of felony murder and possession of a firearm during the commission of a crime.[1] Appellant calls into question the sufficiency of evidence, the admission of autopsy photos and the jury instructions on the justification defense. Finding no error, we affirm.

Danny Williams shot Rex Story three times with a 12-gauge shotgun which had been left loaded in Williams' kitchen. Story's dead body was found with a knife which belonged to Williams in his hand. There were no other witnesses to the incident except Williams, who testified as follows: Story was high on cocaine and alcohol while visiting Williams' home on the evening of the shooting, and Story revealed to Williams that he had been asked to kill Williams. During the course of the evening Story began issuing verbal insults against Williams' wife. Story made several visits to the bathroom in a short span of time and became more verbally abusive. Immediately prior to the shooting, Williams entered the kitchen and observed Story with the kitchen telephone in one hand and Williams' knife in the other. Story came after him with the knife, making slashing motions, and saying "I'm going to kill you." Williams grabbed his loaded gun, which had been left in the kitchen, and attempted to evade the initial assault. When Williams tripped and fell onto the kitchen floor, he fired three shots, killing Story. Throughout his testimony, Williams maintained that he fired all three shots in self-defense as a result of Story's attack.

Blood-splatter expert testimony and a forensic pathologist opined that the victim was not facing his assailant at the time that at least one of the shots was fired. Further testimony that the victim's hand had blood splatters under the knife found in his hand was inconsistent with Williams' claim that the victim was wielding the knife at the time Williams shot him.

1. The evidence was sufficient to authorize a rational trier of fact to find Williams guilty beyond a reasonable doubt of the crimes of

---

[1] The crimes were committed on May 6, 1996 and Williams was indicted for malice murder, felony murder, possession of a firearm during the commission of a crime and one count of possession of methamphetamine on September 17, 1996. At a trial conducted March 3-5, 1997, Williams was convicted of malice murder, felony murder and possession of a firearm during the commission of a crime. The trial court merged the malice murder into felony murder and sentenced appellant to life imprisonment and a consecutive term of five years for the possession of a firearm during the commission of a crime. Appellant filed a motion for new trial on April 25, 1997 and amended it on September 25, 1997. After a hearing on December 1, 1997, appellant's motion for new trial was denied on December 10, 1997. Appellant filed a notice of appeal on December 22, 1997, and the case was docketed in this Court on January 29, 1998. The appeal was submitted for decision on the briefs.

which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Williams contends the trial court committed reversible error by admitting autopsy photos without a proper foundation. The photographs at issue were of the external wound openings suffered by the victim as a result of the three gunshots. Appellant maintains that the State did not lay a proper foundation for admission of these photos because the expert witness did not testify that the photos were necessary to show a material fact discovered during the autopsy. The foundation appellant contends was a necessary prerequisite to the admission of these photos is appropriate where the photos depict the body after its state had been changed by authorities or the pathologist. See *Brown v. State*, 250 Ga. 862 (5) (302 SE2d 347) (1983). In contrast, pre-incision photos such as the ones currently in issue which depict the location and nature of the victim's wounds are admissible because they are relevant and material. *Williams v. State*, 266 Ga. 882 (2) (471 SE2d 888) (1996). See also *Jenkins v. State*, 269 Ga. 282 (20) (498 SE2d 502) (1998). Since the photos did not show a material fact which became apparent only because of the autopsy, the State was not required to lay the foundation necessary for the admission of post-incision autopsy photographs. See *Green v. State*, 266 Ga. 550 (3) (468 SE2d 365) (1996). Compare *Holland v. State*, 267 Ga. 833 (2) (483 SE2d 584) (1997).

3. Relying on *Atlanta Gas Light Co. v. Redding*, 189 Ga. App. 190 (375 SE2d 142) (1988) overruled on other grounds, *Robinson v. Star Gas*, 269 Ga. 102 (1) (498 SE2d 524) (1998), appellant next contends that the trial court's jury instruction on the justification defense was erroneous in that it included elements not at issue in the case, thereby causing the charge to be prejudicially confusing to the jury.

Williams admits he requested that the trial court charge the jury on the use of force in defense of self or others pursuant to OCGA § 16-3-21 (a) and (b). He may not now complain as to the giving of a jury charge he requested. *McCravy v. State*, 238 Ga. 432 (233 SE2d 210) (1977). Since the charge given had been requested by the appellant, it was not error for the trial court to give such a charge. *Simmons v. State*, 266 Ga. 223 (7) (a) (466 SE2d 205) (1996).

4. We note that, faced with the jury's guilty verdicts on both malice murder and felony murder, the trial court "merged" the malice murder conviction and sentenced appellant on the felony murder conviction. When the jury returns guilty verdicts on both felony murder and malice murder charges in connection with the death of one person, it is the felony murder conviction, not the malice murder conviction that is "simply surplusage" (*Biddy v. State*, 253 Ga. 289 (2) (319 SE2d 842) (1984)), and stands vacated by operation of law. *Wade v. State*, 258 Ga. 324 (2) (368 SE2d 482) (1988). Since appellant's sen-

tence of life imprisonment is appropriate for both felony murder and malice murder (OCGA 16-5-1 (d)), appellant has suffered no harm from the trial court's action in vacating the malice murder conviction and retaining the felony murder conviction.

The trial court did not err by denying appellant's motion for a new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 9, 1998.

*Fleming, Blanchard, Jackson & Durham, Danny L. Durham, Chad A. McGowan,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.