## S10A1720. JOHNSON v. THE STATE.
(708 SE2d 331)

NAHMIAS, Justice.

Melvin Johnson appeals his convictions for malice murder and other crimes in connection with the shooting death of Casimiro Ybarra. We affirm.[1]

1. The evidence at trial, viewed in the light most favorable to the

---

[1] The crimes occurred in the late evening and early morning hours of March 26-27, 2004. On February 4, 2005, Johnson was indicted in Fulton County for malice murder, three counts of felony murder, armed robbery, aggravated assault with a deadly weapon, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. On

verdict, showed the following. On March 26, 2004, the victim contacted Ceylon Mason and arranged to purchase cocaine from him. Mason met up with his supplier, Johnson, and called the victim to come and meet the two of them. The victim put $1,000 in cash in his pocket, and his fiancée, Maria Lemus, drove him to meet Johnson and Mason at the Maple Creek Apartments. On the way, Lemus spoke to a man on her cell phone, whom she later identified as Mason. When they arrived at the apartment complex, Mason and Johnson got into the back seat and gave Lemus directions to drive to a house.

Along the way, Johnson pulled out a gun and shot the victim in the head. Lemus started screaming, put the car in park, and exclaimed that she needed to take the victim, who was not moving, to the hospital. Johnson pointed the gun at Lemus and ordered her out of the car. When she failed to comply, Mason physically dragged her out, threw her on the ground, and told her that she did not want to die that night. Johnson asked Lemus where the money was, and she told him that it was in the victim's pocket. Mason got into the front seat, took the wheel, and drove off with Johnson and the victim still in the car. Lemus could tell that her fiancé was already dead.

After a while, Johnson told Mason to stop the car. Mason stopped the car, jumped out, and ran away. As he was running, he looked back and saw Johnson rummaging through the front passenger seat where the victim was. Mason later told his mother what had happened, and eight or nine days after the murder, he told the police. The police had found the victim's body in the abandoned vehicle, and the $1,000 in cash was gone. The medical examiner determined that the cause of death was a contact gunshot to the head.

Mason pled guilty to manslaughter and conspiracy to traffic cocaine. He testified at trial, as did Lemus. When viewed in the light most favorable to the verdict, the evidence presented at trial and summarized above was easily sufficient to authorize a rational jury to find the defendant guilty beyond a reasonable doubt of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). See also *Vega v. State*, 285 Ga. 32, 33 (673 SE2d 223) (2009) (" 'It was for the jury to determine the

---

March 29, 2007, after a nine-day trial, the jury convicted Johnson of all charges. The trial court sentenced Johnson to life in prison for malice murder plus a consecutive term of five years for the two weapons charges, running concurrently with each other. The felony murder convictions were vacated by operation of law, see *Malcolm v. State*, 263 Ga. 369, 372 (434 SE2d 479) (1993), and the remaining convictions merged for sentencing purposes. Johnson filed a motion for new trial on March 30, 2007, which he amended on April 26 and July 30, 2008. The trial court conducted a hearing on September 15, 2008, and denied the motion on April 20, 2010. Johnson filed a timely notice of appeal on May 4, 2010. The case was docketed in this Court for the September 2010 term and submitted for decision on the briefs.

credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence.' " (citation omitted)).

2. Johnson contends that the trial court erred in denying his motion for a directed verdict of acquittal because there was insufficient corroboration of Mason's testimony. As explained in Division 1, the due process standard of *Jackson v. Virginia* is easily satisfied, but OCGA § 24-4-8 imposes an additional requirement where a fact necessary to conviction is supported solely by the testimony of an accomplice like Mason. In "felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient" and must be supported by the testimony of at least one other witness or by "corroborating circumstances." Id.[2] The additional evidence " 'may be circumstantial and it may be slight,' " *Benbow v. State*, 288 Ga. 192, 194 (702 SE2d 180) (2010) (citation omitted), and it " 'need not of itself be sufficient to warrant a conviction of the crime charged,' " *Givens v. State*, 227 Ga. App. 861, 862 (490 SE2d 530) (1997) (citation omitted). It must, however, be independent of the accomplice testimony and must "directly connect the defendant with the crime, or lead to the inference that (he) is guilty." *Baines v. State*, 276 Ga. 117, 119 (575 SE2d 495) (2003). "The sufficiency of any corroborating evidence is for the trier of fact to decide." *Matthews v. State*, 284 Ga. 819, 820 (672 SE2d 633) (2009).

The testimony by Lemus, who was not an accomplice, established that another person got into the car with Mason and later shot and killed her fiancé. The fact necessary to conviction on which Mason's testimony required corroboration was his identification of Johnson as that second person.[3] As Johnson correctly notes, there was no forensic evidence linking him to the crimes or the crime scene, and Lemus could not directly identify Johnson at trial as the shooter. She did, however, confirm that the shooter was an African-American male and the additional description she had given to the police: "The second guy who ended up having the gun was wearing a white t-shirt, some blue jeans, and a black hat, about 20 to 28 years old, about six feet tall, really thin." When the police showed her a photographic lineup that did not include Johnson, she said that the shooter was not in the lineup but noted that two of the men on the

---

[2] OCGA § 24-4-8 provides as follows:

The testimony of a single witness is generally sufficient to establish a fact. However, in certain cases, including prosecutions for treason, prosecutions for perjury, and felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient. Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness, except in prosecutions for treason.

[3] The State's focus on corroboration of the circumstances of the crimes and on evidence identifying Mason as one of the perpetrators therefore misses the point.

card resembled the shooter. In addition, a friend of Mason's testified that she had often seen Johnson and Mason together and that they at one time lived next door to each other in the Maple Creek Apartments.

The physical description of the shooter that Lemus provided to the police fits Johnson, and her description of the shooter's clothes was consistent with Mason's trial testimony about what Johnson was wearing that day. The jury could decide for itself at trial how closely the two men from the photographic lineup resembled Johnson, and the testimony of Mason's friend showed that Johnson was a known associate of Mason and connected Johnson to the apartment complex where the victim and Lemus picked up Mason and the shooter. Although it was not the strongest corroboration, the testimony of the victim's fiancée and Mason's friend was sufficient to corroborate Mason's testimony directly identifying Johnson as the shooter. See *Benbow*, 288 Ga. at 194 (holding that even slight corroborating evidence is sufficient). Accordingly, there was no violation of OCGA § 24-4-8.

3. The trial court properly charged the jury that accomplice testimony requires corroboration. The jury then sent the court a note early in its deliberations asking: (1) "What is the definition of an accomplice?"; (2) "If an individual is an accomplice to one of a number of charges, is all of his/her testimony an accomplice's testimony?"; and (3) "If he/she pleads guilty, is he/she automatically an accomplice?" The parties agreed that the court should read the Black's Law Dictionary definition of an accomplice to the jury in response to the first question and tell the jury that the answer to the second question was "yes." They disagreed about the proper response to the third question. Johnson contended that the court should tell the jury that the answer was "yes," that is, if a witness pleads guilty, he or she automatically is an accomplice. However, the court answered the question as the State suggested, simply repeating its prior instruction that "whether or not any witness in this case was an accomplice is a question for you to determine from the evidence in this case."

We have long held that it is "not error to submit to the jury the question of whether a witness for the state was or was not an accomplice even where the witness ha[s] confessed to being an accomplice and ha[s] been jointly indicted with the defendant on trial." *Milton v. State*, 248 Ga. 192, 196 (282 SE2d 90) (1981). See also *Almand v. State*, 149 Ga. 182, 183 (99 SE 795) (1919) (rejecting the argument that the trial court erred in submitting to the jury " 'the question as to whether or not [a witness for a State] was an accomplice, when, by his evidence, he was a confessed accomplice and was jointly indicted with [the defendant] as one of the principals in

the crime of murder'" (citation omitted)). Moreover, we have previously rejected a claim of error in the trial court's failure to charge the jury that a particular witness was an accomplice as a matter of law, warning that such an instruction could be deemed the intimation of the court's opinion as to the defendant's guilt in violation of OCGA § 17-8-57.

> Defendant argues that he was harmed by the jury's "confusion" resulting from the trial court's failure to charge the jury that Starling *was* an accomplice. However, . . . this would have been tantamount to a charge that the defendant, as a matter of law, was a participant in the crime. . . . "To be accomplices of each other, both the defendant and the State's witness must have been involved in the criminal enterprise. One cannot be the 'accomplice' of an innocent man. It therefore constitutes an expression of opinion by the court as to the guilt of the accused to instruct the jury that a witness who testified as to the defendant's guilt and admitted his participation in the crime would be an accomplice of the accused."

*Ladson v. State*, 248 Ga. 470, 477-478 (285 SE2d 508) (1981) (citation omitted; emphasis in original). Accordingly, the trial court did not err in instructing the jury in response to its question.

4. Johnson argues that the dismissal of a juror during deliberations was erroneous. The trial court had properly instructed the jury that "[y]ou are only concerned with the guilt or innocence of the defendant. You are not to concern yourselves with punishment." See *George v. State*, 260 Ga. 809, 810 (400 SE2d 911) (1991). During deliberations, the jury sent the trial court a note asking what to do if a juror admitted that he was unable to follow the jury instructions. The court questioned the jury foreperson, who said that one of the jurors was unable to follow the instruction to deliberate without considering the punishment and had said so repeatedly. The juror confirmed the foreperson's representation when questioned by the court, and the court dismissed the juror over Johnson's objection. "Certainly, a juror's refusal to decide the case on the evidence under the law as charged by the court would provide legal cause for that juror's removal." *Mayfield v. State*, 276 Ga. 324, 330 (578 SE2d 438) (2003). This enumeration of error is therefore meritless.

5. Finally, Johnson argues that the trial court committed plain error in failing to take action after the prosecutor commented in closing argument on Johnson's decision not to testify at trial or to present evidence in his defense. During closing argument, the prosecutor said:

[T]he burden of proving his guilt to you remains with the State. It never shifts to Mr. Johnson. He doesn't have to do a thing, doesn't have to say a thing. But he has the ability and he has the right to present evidence if he so chooses. We have seen and heard in the trial he chose not to do that, and you can't hold that against him. But I do want to ask you one question. If Melvin Johnson was not sitting behind Casimiro Ybarra on March 27, 2004, shooting him in the back of the head, where was he? Where was he? Where was he?

Johnson did not object, and he has therefore waived this argument. *Braithwaite v. State*, 275 Ga. 884, 885 (572 SE2d 612) (2002) (holding that the failure to raise a contemporaneous objection during closing argument precludes enumerating it as error on appeal). Moreover, Johnson cites no authority supporting the application of plain error review in this context. We therefore will not review this alleged error, although our decision should not be read as condoning the prosecutor's argument.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 18, 2011.

*Dennis R. Scheib*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy R. Katz, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.