## S11A1842. POWELL v. THE STATE.

(717 SE2d 215)

BENHAM, Justice.

Appellant Rickey Powell appeals the judgment of conviction entered against him on a number of crimes committed in connection with the murder of Herta Bailey in Muscogee County.[1] On appeal Powell challenges only the sufficiency of the evidence presented against him.

On September 30, 2009, police received a report from Herta Bailey's family that Mrs. Bailey and her car were missing. That same day, suspicious activity was noted on one of the missing woman's credit cards when it was used to pay the outstanding utility and cable bills of appellant. Mrs. Bailey leased a house on Pine Needle Drive in Columbus to appellant and had sent him several notices to vacate the premises. Mrs. Bailey's missing credit card was found in appellant's wallet when appellant was arrested on September 30 for the fraudulent use of the credit card. As police were transporting him to police headquarters following his arrest, appellant directed them to the site of Mrs. Bailey's missing car, and her body was found in the car's trunk. The parties stipulated that the forensic pathologist who performed the autopsy determined the cause of death to be manual strangulation. The victim's head and face were disfigured by muriatic acid having been poured on her.

The victim's handwritten appointment book listed an appointment with appellant on the evening of September 29, and the victim's personal trainer testified the victim told him she had an appointment at her office at 6:00 p.m. on September 29 with a troublesome tenant who rented a house on Pine Needle Drive. The

---

[1] The crimes were committed on September 29, 2008, and a warrant for appellant's arrest was issued the same day. Appellant was arrested on September 30, and a Muscogee County grand jury returned a true bill of indictment against appellant 21 months later, charging him with malice murder, felony murder (with aggravated assault as the predicate felony), robbery of car keys by force, theft by taking a motor vehicle, aggravated battery (dousing victim's body with a caustic substance), concealing the death of another, financial transaction card theft, and four counts of financial transaction card fraud (using the victim's credit card that was obtained unlawfully to pay four different outstanding bills). The trial took place November 15-17, 2010, and concluded with the jury's return of guilty verdicts on all counts and the trial court's imposition of sentence. The trial court vacated the malice murder conviction and sentenced appellant to life imprisonment for felony murder; because appellant was a recidivist under OCGA § 17-10-7 (a) and (c), the trial court sentenced appellant to a concurrent 20-year sentence for robbery, a ten-year sentence for theft by taking of a motor vehicle, to be served consecutively to the 20-year sentence; a 20-year sentence for aggravated battery, to be served concurrently with the sentence for theft by taking; a 10-year sentence for concealing the death of another, to be served consecutively to the sentence of life imprisonment; a three-year sentence, to be served concurrently, for theft of a financial transaction card; and concurrent three-year sentences for each conviction for financial transaction card fraud. The notice of appeal was filed five days after sentencing, on November 22, 2010, and the appeal was docketed to the September 2011 term of this Court. It was submitted for decision on the briefs.

victim's employer testified he last saw her at their offices at 6:00 p.m. September 29. A neighbor of appellant on Pine Needle Drive testified that he was familiar with the victim's car and that appellant was driving Mrs. Bailey's car when the witness spoke to him at 8:15 p.m. on September 29.

After reviewing the trial transcript, we conclude the evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder, felony murder, robbery, theft by taking motor vehicle, financial transaction card theft, multiple counts of financial transaction card fraud, and concealing a death. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). However, the evidence presented was not sufficient to authorize a rational trier of fact to find appellant guilty of aggravated battery. "In order to constitute aggravated battery, the bodily harm to the victim must occur before death." *Hance v. State*, 245 Ga. 856 (3) (268 SE2d 339) (1980). There was no evidence presented at trial from which the jury could conclude that the victim was not dead at the time the muriatic acid was poured on her. Compare *Hall v. Terrell*, 285 Ga. 448 (II) (C) (679 SE2d 17) (2009); *Miller v. State*, 275 Ga. 730 (1) (571 SE2d 788) (2002). Accordingly, we reverse the conviction for aggravated battery.

The trial court "merged" the malice murder conviction into the felony murder conviction and sentenced appellant to life imprisonment for felony murder. However, "[w]hen the jury returns guilty verdicts on both felony murder and malice murder charges in connection with the death of one person, it is the felony murder conviction, not the malice murder conviction, that is 'simply surplusage' [cits.], and stands vacated by operation of law." *Williams v. State*, 270 Ga. 125 (4) (508 SE2d 415) (1998). As was the case in *Williams*, appellant has suffered no harm from the trial court's action in vacating the malice murder conviction and retaining the felony murder conviction since the sentence imposed, life imprisonment, is appropriate for both crimes. Id. Compare *Lucky v. State*, 286 Ga. 478 (2) (689 SE2d 825) (2010) (where erroneously sentencing the defendant on the felony murder conviction instead of the malice murder conviction made a difference in the over-all sentence due to the revival of the conviction for the predicate felony of the felony murder conviction).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED OCTOBER 17, 2011.

*Robert L. Wadkins*, for appellant.
*Julia Fessenden Slater, District Attorney, Crawford L. Seals, Kim*

*B. Hoffman, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Dana E. Wolk, Assistant Attorney General, for appellee.*