## A11A1667. BELL v. THE STATE.
(722 SE2d 871)

ADAMS, Judge.

Deldrick Bell contends the evidence produced at trial was insufficient to support his conviction of armed robbery. We disagree and affirm.

On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses. *Brown v. State,* 265 Ga. App. 613 (594 SE2d 770) (2004). To sustain a conviction, the evidence must be sufficient to enable a rational trier of fact to find the appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence produced at trial shows Bell was employed by a national auto parts store, and he worked at the Lilburn location in Gwinnett County. Bell's relative by marriage, Christopher Pritchett, who was also a college friend, and who lives in Birmingham, Alabama, testified that on the evening of January 25, 2008, Bell called to say he was the closing manager of the store and to ask Pritchett to bring some people over to Lilburn to rob the store. Pritchett agreed, and he arranged for Nigel Summers and Alford Dawkins to go on the expedition; the three young men left that night. During the trip, Bell gave Pritchett directions over the phone and explained that the robbers should get the cash register and the drop box. When they arrived, Pritchett called Bell, told him they were outside, and hung up. Shortly thereafter, Bell called back and told the robbers to "go on and go in." Summers and Dawkins went in the store dressed in black, wearing skull caps, and carrying guns.

Joseph Chislom, another store employee, testified that he, along with Bell, was working at the store during the early morning hours of January 26, 2008. While he was working in the mid-section of the store, he heard Bell call his name. He turned and saw the two robbers dressed in black, wearing masks, hats, and gloves, with one robber holding a shotgun and the other a pistol; Chislom "hit the deck" when he saw a weapon. The robber with the shotgun told him to get up and that " 'we' need you to open up the registers." He kept repeating, "I'm not going to hurt you." Chislom opened the regis-

ters, the armed men took the money, and then the group all went to the front office where the safe was located. There, Chislom and Bell lay down on the floor, after which the armed robbers eventually left. Chislom did not see how the robbers got the safe open. Bell then called the police on his cell phone.

Meanwhile, the two armed men jumped back in the car with Pritchett and drove back to Alabama. Along the way, Bell called Pritchett at 3:09 a.m. and told him to deposit the money in his account on Monday. In Alabama, Pritchett received a text message from Bell saying that the robbers should have taken about $3,000, and to make sure that he got his share. Pritchett deposited that share, which he recalled to be between $600 and $800, into Bell's checking account. A deposit slip with Pritchett's handwriting was admitted into evidence, and it shows that on January 28, 2008, Pritchett deposited $710.

Telephone records introduced at trial showed that multiple calls occurred between Bell's and Pritchett's cell phones proximate in time to the armed robbery and that Bell used the same cell phone to call 911. The telephone records also show that Pritchett's cell phone was in close proximity to the store that was robbed. Bank records showed that $710 in cash was deposited into Bell's bank account from a bank in Alabama two days after the robbery. And the store surveillance tape showed Bell making telephone calls that correspond in time to the calls between Pritchett and him as reflected in the telephone records as well as in Pritchett's testimony. The video shows Bell pacing back and forth in front of the store, looking out the window, walking outside, talking on a cell phone frequently, walking down the aisles, and turning around and looking back toward the front prior to the robbery. The telephone records show calls between the two cell phones later that morning, several hours after the robbery and the call to 911 using the same cell phone.

On appeal, Bell contends the testimony of his co-conspirator Pritchett was not corroborated as required. See OCGA § 24-4-8. The corroborating evidence itself must connect the defendant with the crime or lead to an inference that he is guilty:

> To sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty. The necessary corroborating evidence may be circumstantial and it may be slight.

(Citations and punctuation omitted.) *Matthews v. State*, 284 Ga.

819-820 (1) (672 SE2d 633) (2009). However, the corroborating evidence need not be sufficient standing alone to warrant a conviction of the crime charged. *Johnson v. State*, 288 Ga. 803, 805 (2) (708 SE2d 331) (2011). The sufficiency of the corroborating evidence is a question for the trier of fact. *Matthews*, 284 Ga. at 820 (1).

Here, at a minimum, Pritchett's testimony was corroborated by the telephone records, the security video tape, and the fact that money was deposited into Bell's account only two days after the crime. This evidence was sufficient to corroborate Pritchett's testimony. See, e.g., *Jackson v. State*, 289 Ga. 798, 801 (716 SE2d 188) (2011) (Corroboration was shown when, among other things, a stolen wallet was discovered in the defendant's home and "cell phone tower records established that Appellant and [his accomplice] were exchanging phone calls during the times when the criminal incidents occurred and within the vicinity of both residences and the jewelry store involved in the incidents.").

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED FEBRUARY 8, 2012.

*Wystan B. Getz*, for appellant.
*Daniel J. Porter, District Attorney, Robby A. King, Assistant District Attorney*, for appellee.