## S12A1387. BROWN v. THE STATE.
### (733 SE2d 300)

THOMPSON, Presiding Justice.

Appellant Justin Brown was convicted of felony murder, aggravated battery, kidnapping with bodily injury, aggravated assault, and burglary in connection with the shooting death of J.R. Morrow.[1] Brown's motion for new trial was denied, and he now appeals that decision and his conviction and sentence. On appeal, Brown asserts that (1) the evidence was insufficient to sustain his convictions; (2) the State failed to prove the "asportation" requirement for kidnapping with bodily injury; (3) the State knowingly introduced false testimony in support of its case-in-chief; and (4) the trial court erred in failing to charge the jury concerning mere approval of an act and withdrawal from a conspiracy. For the reasons that follow, we affirm Brown's conviction.

Viewed in a light most favorable to the verdict, the evidence shows the following. J.R. Morrow lived with his father, James Morrow, and Judy McClure at a home in Douglas County, Georgia. Brown, a friend of J.R.'s, had been staying at the Morrow residence for several days, but was asked to leave on the morning of October 15, 2002.

---

[1] The crimes occurred on October 15, 2002. Brown was indicted by a Douglas County grand jury on September 23, 2005 on charges of malice murder, felony murder, aggravated battery, kidnapping with bodily injury, aggravated assault (two counts) and burglary. After a two-week jury trial, the jury returned a verdict on November 30, 2005, finding him guilty of felony murder, aggravated battery, kidnapping with bodily injury, aggravated assault (two counts), and burglary. Brown was sentenced on December 19, 2005 to life imprisonment for felony murder, a consecutive life sentence for kidnapping with bodily injury, plus a consecutive 20-year sentence for the first aggravated assault and 20 years probation on the second aggravated assault. Brown filed a motion for new trial on December 27, 2005, and an amended motion for new trial on March 23, 2010. Brown's motion for new trial was heard on August 16, 2011 and denied on February 8, 2012 on all grounds, with the exception that the trial court's sentence as to the first aggravated assault offense was vacated and the conviction for that count merged into the conviction for the offense of kidnapping with bodily injury. Brown filed a notice of appeal on March 7, 2012. The appeal was docketed to the September 2012 term of this Court and submitted for decision on the briefs.

Brown knew that there was a large amount of money in a safe in the Morrow house, having seen the safe's contents when Mr. Morrow took money out to give to J.R. After he was asked to leave the Morrow house, Brown told Giovanni Little and Kevin Peoples that he wanted to rob J.R. Morrow. They devised a plan for Brown to commit the robbery while Little and Peoples distracted the occupants of the house.

That night, Mr. Morrow, Ms. McClure, and J.R. Morrow were all at home. Brown called the house from a nearby gas station pay phone and asked if J.R. was there. Mr. Morrow told the caller that his son was not at home, even though J.R. was actually asleep in his basement bedroom. A few minutes later, Brown, Little, and Kevin Peoples were driven to the Morrow house by Kevin's younger brother, Byron. Brown, Little and Kevin Peoples exited the car and went to the house while Byron waited nearby in the car. Hearing noises on the front porch, Mr. Morrow went to the door. As he opened the door, one of the men reached inside and shot him in the shoulder. The men then rushed the door, knocking Mr. Morrow down. Once inside, one of the intruders shot Mr. Morrow in the leg and shot at Ms. McClure as she attempted to exit her bedroom upon hearing the commotion. Ms. McClure, who was not hit, was ordered by the gunman back into her bedroom, and Mr. Morrow was moved at gunpoint to a back bathroom. Both Mr. Morrow and Ms. McClure identified Little as the man who shot at them and forced them into their respective rooms. While Little guarded the bedroom and bathroom doors, others went downstairs to the basement level where J.R. Morrow lived. Trapped in the bathroom, Mr. Morrow heard one of the intruders say, "I found him. I found him." He also heard a gunshot that seemed to come from the basement. After hearing the intruders run out of the house, Mr. Morrow and Ms. McClure went to the basement where they found J.R. with a gunshot wound to the chest. J.R. died at the scene shortly thereafter.

The invaders fled the Morrow residence in the car driven by Byron. Later that night, Brown called his girlfriend, told her that two men had been shot, and asked her to lie about his whereabouts. Brown later confessed to police that he called the victims' home that night and that he knew Little and Kevin Peoples were going to beat up and rob J.R. Morrow. Brown also confessed to police that he had been at the Morrow home that night.

A search warrant issued for the Peoples' house led to the discovery of a .25 Colt pistol, consistent with the bullets used in the crimes. Additionally, several witnesses testified that in the days leading up to the home invasion Brown had talked to them about wanting to obtain a gun to make easy money robbing someone.

1. Construed most strongly in support of the verdict, the evidence was sufficient to enable a rational trier of fact to find Brown guilty beyond a reasonable doubt of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We find no merit to Brown's claim that the evidence supporting his conviction was insufficient in that it rested solely on the uncorroborated testimony of his accomplice, Giovanni Little. See OCGA § 24-4-8.[2] The State presented independent corroboration in support of Little's testimony, and the corroboration connected Brown to the crimes. Brown's own statements to police, his actions before and after the crimes, and his girlfriend's testimony stating that Brown asked her to lie about his whereabouts were sufficient corroboration of Brown's guilt. See *Floyd v. State*, 272 Ga. 65, 66 (525 SE2d 683) (2000) (accused's own statement can be used to corroborate an accomplice's testimony against him). See also *Alatise v. State*, 291 Ga. 428, 432 (728 SE2d 592) (2012) (conduct of a defendant before, during, and after the commission of a crime may be considered by the jury in establishing his intention and his participation, to determine whether such intent and conduct were sufficient corroboration of an accomplice's testimony). As "slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict," *Moore v. State*, 288 Ga. 187, 189 (702 SE2d 176) (2010), there was no violation of OCGA § 24-4-8. (Punctuation omitted.)

2. Brown asserts that the State failed to prove the existence of "asportation," one of the essential elements of kidnapping with bodily injury. Both parties agree that the standard articulated in *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008), is applicable in this case.[3] Under *Garza*, this Court identified four factors used to determine whether the evidence of asportation is sufficient to sustain a kidnapping conviction. These four factors are:

> (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.

---

[2] OCGA § 24-4-8 provides in pertinent part: "[I]n . . . felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient. Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness."

[3] *Garza* applies because Brown committed the crimes on October 15, 2002, prior to the July 1, 2009 effective date of the amendment to OCGA § 16-5-40 (b).

Id. at 702. In applying the *Garza* standard, this Court has not required that all four factors be satisfied in order for the element of asportation to be proven. See *Thomas v. State*, 289 Ga. 877, 880 (717 SE2d 187) (2011); *State v. Clements*, 289 Ga. 640, 647 (715 SE2d 59) (2011); *Hammond v. State*, 289 Ga. 142, 144-145 (710 SE2d 124) (2011).

In the instant case, Mr. Morrow was forcibly moved at gunpoint from the front of the house to a back bathroom after being shot twice. Although the duration lasted only a few minutes, the movement was brutal and forceful. Nor did the movement of Mr. Morrow occur during the commission of the other offenses because the burglary, aggravated battery and aggravated assault had already occurred and the murder of J.R. Morrow had not yet taken place. As in *Thomas v. State*, wherein the defendant committed armed robbery and then forced his victims to move from one room in an apartment to the bathroom while holding them at gunpoint, there is sufficient evidence to sustain Brown's conviction for kidnapping in this case despite the short duration of the movement, because the other factors all support the verdict. 289 Ga. at 880. The movement of Mr. Morrow from the front of the house to the back bathroom was not insignificant, nor was it an inherent part of the crimes of burglary, aggravated battery, aggravated assault, or murder. Id. See *Henderson v. State*, 285 Ga. 240, 245 (675 SE2d 28) (2009). Further, moving Mr. Morrow into the bathroom placed him in a more dangerous situation because isolating him made it easier for the assailants to maintain control over him and made it impossible for him to call for help. See id. We conclude that the State presented sufficient evidence to support the kidnapping verdict.

3. Brown claims that the trial court erred in admitting the "perjured" testimony of Giovanni Little, asserting that the State knowingly introduced Little's false testimony in support of its case-in-chief. At trial, Little testified that he never entered the Morrows' house and that co-defendant Kevin Peoples shot Mr. Morrow and J.R. Morrow. Ms. McClure and Mr. Morrow, on the other hand, both positively identified Little as the man who came into the home and fired shots at them. Brown, however, asserted no "perjury" objection at trial, and we find that this claim has not been preserved for appellate review. See *Mullins v. State*, 270 Ga. 450 (2) (511 SE2d 165) (1999); *Smith v. State*, 311 Ga. App. 184, 189 (715 SE2d 434) (2011). Even if such an objection had been made, a review of the record shows only that there were inconsistencies between Little's testimony and the testimonies of the two surviving victims. This Court has previously held that such inconsistency in the testimony of the State's witnesses does not constitute a knowing use of perjury. *Swift v. State*,

274 Ga. 807, 808-809 (560 SE2d 19) (2002); *Cammon v. State*, 269 Ga. 470, 471 (500 SE2d 329) (1998) (no constitutional requirement that witnesses upon whom the State relies to prove its case must give consistent evidence).

4. Brown claims that the trial court erred by failing to charge the jury with his requested charges concerning: (a) "mere approval" of an act (see *Campbell v. State*, 169 Ga. App. 112, 114 (312 SE2d 136) (1983)) and (b) withdrawal from a conspiracy (see OCGA § 16-4-9).

After the trial court charged the jury, the trial court gave Brown the opportunity to raise any objections to the charges given. The record reflects that Brown did not object to the trial court's failure to give the two charges at issue on appeal.[4] Brown claims that even though he failed to object, the denial of these charges should be subject to the plain error standard articulated in OCGA § 17-8-58 (b). However, the plain error standard of review is not available to Brown because OCGA § 17-8-58 (b) only applies to trials occurring on or after July 1, 2007. See *Hill v. State*, 290 Ga. 493, 497 (722 SE2d 708) (2012). In this case, the trial occurred in November of 2005. As the plain error standard is not available and Brown failed to preserve these two issues for appeal, these issues have been waived. See *Mullins v. State*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 15, 2012.

*Lee W. Fitzpatrick*, for appellant.
*David McDade, District Attorney, Emily K. Richardson, James A. Dooley, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Dana E. Weinberger, Assistant Attorney General*, for appellee.

---

[4] Brown raised only two objections, and these objections concerned the accidental omission of the definition of evidence and the omission of a charge on voluntariness as to Brown's statement to police.