## S13A1002. THREATT v. THE STATE.
### (748 SE2d 400)

BLACKWELL, Justice.

Anthony Threatt was tried by a Monroe County jury and convicted of felony murder in the commission of an armed robbery, unlawful possession of a firearm by a convicted felon, and unlawful possession of a firearm during the commission of a felony, all in connection with the fatal shooting of Robert Gresham. Threatt appeals, contending only that the evidence is insufficient to sustain his convictions. We see no problem with the legal sufficiency of the evidence, but we find that the trial court imposed a sentence that the law does not allow for unlawful possession of a firearm during the commission of a felony. Accordingly, we vacate that portion of the sentence, remand for resentencing, and otherwise affirm the judgment below.[1]

1. Threatt contends that the evidence is legally insufficient to sustain his convictions for felony murder and unlawful possession of a firearm during the commission of a crime.[2] Viewed in the light most

_____

[1] The crimes were committed on November 28, 2009. Threatt was indicted on August 11, 2010 and charged with malice murder, three counts of felony murder, and one count each of armed robbery, aggravated assault, unlawful possession of a firearm by a convicted felon, and unlawful possession of a firearm during the commission of a felony. His trial commenced on December 5, 2011, and the jury returned its verdict eight days later, finding Threatt guilty on all counts. Threatt was sentenced to imprisonment for life without parole for felony murder in the commission of an armed robbery, a consecutive term of imprisonment for five years for unlawful possession of a firearm by a convicted felon, and a consecutive term of imprisonment for fifteen years for unlawful possession of a firearm during the commission of a felony. The trial court should have sentenced Threatt for malice murder, rather than for felony murder, *Powell v. State*, 289 Ga. 901, 902 (717 SE2d 215) (2011), but that sentencing error does not harm Threatt, and he understandably does not complain about it on appeal. *Ellis v. State*, 292 Ga. 276, 277, n. 1 (736 SE2d 412) (2013). The trial court correctly did not sentence Threatt for the other counts of felony murder, and it correctly merged the armed robbery and aggravated assault with the felony murder for which Threatt was sentenced. *Malcolm v. State*, 263 Ga. 369, 371-372 (4)-(5) (434 SE2d 479) (1993). See also *Thomas v. State*, 289 Ga. 877, 880 (3) (717 SE2d 187) (2011). Threatt timely filed a motion for new trial on December 29, 2011, and he amended it on September 19, 2012. The trial court denied his motion on December 20, 2012. Threatt then timely filed his notice of appeal on January 8, 2013, and the case was docketed in this Court for the April 2013 term and submitted for decision on the briefs.

[2] Threatt does not dispute the legal sufficiency of the evidence as to unlawful possession of a firearm by a convicted felon. We independently have reviewed the evidence that pertains to that crime, and we are satisfied that the evidence is sufficient to sustain that conviction. See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). Threatt does complain, however, that the evidence is insufficient to sustain any conviction for malice murder, felony murder in the commission of an aggravated assault, felony murder in the commission of unlawful possession of a firearm by a convicted felon, armed robbery, and aggravated assault. But Threatt was not sentenced for any of these crimes, and no judgment of conviction as to these crimes was entered against him, inasmuch as the trial court found that the verdicts on these counts were vacated by operation of law or that the crimes merged with the other crimes for which Threatt was sentenced. See note 1, supra. Accordingly, his claims that the evidence is

favorable to the verdict, the evidence shows that three men — Douglas Davis III, Adrian Wyche, and a shorter man, whom Wyche later identified as Threatt[3] — were driven by Davis's stepsister to a location near the home of Robert Gresham on the morning of November 28, 2009. Davis was wearing dark clothing and a partially black cap, and Wyche was wearing a camouflage coat. When the men arrived at the location near Gresham's home, Davis and Threatt said — according to Wyche — that they intended to rob Gresham at gunpoint, and Wyche tried to talk them out of the idea.[4] He failed, however, and Davis and Threatt parted from Wyche and walked away.[5]

Gresham worked in a shop behind his home, where he repaired automobiles and sometimes dealt marijuana. That morning, he was visited by a customer, who spoke with Gresham and then saw him walk behind the shop. As the customer waited for Gresham to return, he saw two men emerge from behind a nearby barbeque pit, each within a few minutes of the other. According to the customer, the first man to emerge was six feet or more in height, the second man was several inches shorter, and each man wore dark clothing, had covered his face, and carried a handgun. The customer then heard a gunshot, and he quickly left. Gresham's girlfriend also heard a gunshot, and she found Gresham, lying on the ground and bleeding. Gresham had sustained six gunshot wounds, two inflicted with a .22 caliber gun, and four inflicted with a .32 caliber gun. He later died of his wounds. His pockets — in which he usually kept cash — were turned inside out and empty. And a hole in the ground — where Gresham usually kept marijuana and additional cash — also was empty. Nearby, investigators found a camouflage and partially black cap, which later was identified as one worn by Davis.[6]

Soon after the shooting, Davis called Wyche, and according to Wyche, asked him to pick up Davis and Threatt. Wyche agreed to do so, and when he did, Threatt said that "we shot him." Later that

---

legally insufficient to sustain a conviction for these other crimes are moot. See *Mills v. State*, 287 Ga. 828, 830 (2) (700 SE2d 544) (2010); *White v. State*, 287 Ga. 713, 714-715 (1) (a) (699 SE2d 291) (2010). See also *Powell v. State*, 291 Ga. 743, 749 (3) (733 SE2d 294) (2012).

[3] There was evidence that Threatt is considerably shorter than Davis and Wyche, both of whom are more than six feet in height. Davis's stepsister testified at trial that the third man was shorter than Davis and Wyche.

[4] Wyche said that he tried to talk them out of it in person and later on the telephone. Phone records admitted at trial confirm that Wyche called Davis twice soon after Davis's stepsister dropped the men off.

[5] Davis's stepsister saw Davis and the shorter man walk away from Wyche soon after she dropped them off.

[6] Evidence at trial established that the cap found at the scene had Davis's DNA in it.

morning, Davis told his stepsister that Gresham had been shot, and he asked her to say that she had not seen Davis and had not driven him anywhere. That afternoon, however, both Davis's stepsister and Wyche went to law enforcement and reported their knowledge of the shooting. Investigators subsequently found a black jacket at Threatt's home, on which they found gunshot primer residue. And after Threatt was arrested, he made several demonstrably false statements, including that he had been at home on the morning of the shooting and had received a telephone call there,[7] that he had visited the jail on the morning of the shooting,[8] and that he did not know Davis well.[9] In addition, Threatt referred to the person who had driven Davis, Wyche, and the third man to the vicinity of the shooting — Davis's stepsister — as "her," even before investigators disclosed the identity and gender of that person.

In Georgia, a felony conviction cannot be sustained solely by the uncorroborated testimony of an accomplice. See former OCGA § 24-4-8.[10] See also *Johnson v. State*, 288 Ga. 803, 805 (2) (708 SE2d 331) (2011). That said, sufficient corroborating evidence "may be circumstantial[,] it may be slight, and it need not of itself be sufficient to warrant a conviction of the crime charged. It must, however, be independent of the accomplice testimony and must directly connect the defendant with the crime, or lead to the inference that he is guilty." *Jackson v. State*, 289 Ga. 798, 801 (716 SE2d 188) (2011) (citations and punctuation omitted). "[S]light evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict." *Brown v. State*, 291 Ga. 750, 752 (1) (733 SE2d 300) (2012) (citation and punctuation omitted).

Even if Wyche were an accomplice of Threatt — a doubtful proposition[11] — there was more than enough corroboration of his testimony to sustain the convictions. The statements that Threatt

---

[7] That was disproved by phone records admitted at trial.

[8] His signature did not appear in the jail visitation log.

[9] On the night before the shooting, Davis and Threatt were seen together, and they telephoned one another several times. Phone records also show that they called one another in the hours following the shooting.

[10] This case was tried under the old Evidence Code, see Ga. L. 2011, p. 99, § 101, and for that reason, we cite former OCGA § 24-4-8. We note, however, that the provisions of former OCGA § 24-4-8 were carried forward into the new Evidence Code and now can be found at OCGA § 24-14-8.

[11] Even if Wyche was an accessory after the fact — when he picked up Davis and Threatt after the shooting — the evidence did not demand a finding that he was a party to any of the crimes of which Threatt was convicted. See *Givens v. State*, 273 Ga. 818, 820 (1) (546 SE2d 509) (2001). Indeed, there was little, if any, evidence that Wyche shared any intent to participate in those crimes. See *Moore v. State*, 288 Ga. 187, 189 (1) (702 SE2d 176) (2010); *Christian v. State*,

gave to investigators — both his demonstrably false statements and his statement referring to Davis's stepsister as "her" — are corroborating. See *Brown*, 291 Ga. at 752 (1). See also *Floyd v. State*, 272 Ga. 65, 66 (1) (525 SE2d 683) (2000). So are the descriptions of the "shorter" man given by the customer and Davis's stepsister, as well as the evidence that Threatt and Davis were in contact with one another the night before the shooting and in the hours afterwards. See *Johnson*, 288 Ga. at 806 (2). Additional corroboration is found in the evidence of gunshot primer residue on a black jacket in Threatt's home, as well as the testimony of the customer that both gunmen were wearing dark clothing. See id. See also *Guyton v. State*, 281 Ga. 789, 791 (1) (642 SE2d 67) (2007). "It is not required . . . that the testimony of the accomplice be corroborated in every material particular." *Bush v. State*, 267 Ga. 877, 878 (485 SE2d 466) (1997) (citations omitted). Here, if corroboration were required at all, the corroborating evidence was sufficient. Viewed in the light most favorable to the verdict, we conclude that the evidence was sufficient to authorize a rational jury to find beyond a reasonable doubt that Threatt was guilty of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. Although Threatt does not complain of his sentence for unlawful possession of a firearm during the commission of a felony, we find that the trial court imposed a sentence for that crime that the law does not permit. More specifically, the trial court sentenced Threatt to imprisonment for fifteen years for that crime, but OCGA § 16-11-106 — the statute of which Threatt was convicted of violating — only authorizes imprisonment for five or ten years, depending on whether the defendant is a recidivist.[12] See *Armour v. State*, 290 Ga. 553, 556 (4) (722 SE2d 751) (2012). See also *Norris v. State*, 289 Ga. 154, 155 (1) (709 SE2d 792) (2011). Accordingly, we vacate the sentence for unlawful possession of a firearm during the commission of a felony, and we remand the case for resentencing consistent with

---

277 Ga. 775, 776 (1) (596 SE2d 6) (2004). If Wyche were not an accomplice, no corroboration of his testimony would be required. *Givens*, 273 Ga. at 820 (1).

[12] The trial court may have thought that Threatt had been convicted of violating OCGA § 16-11-133 (b), which authorizes a sentence up to fifteen years for unlawful possession of a firearm by certain convicted felons during the commission of a crime. But that crime only concerns persons who have been convicted of certain enumerated felonies, and the felony of which Threatt had previously been convicted — burglary — is not among them. Moreover, the indictment makes clear that Threatt was charged in this case with violating OCGA § 16-11-106, not OCGA § 16-11-133 (b).

this opinion. See *Armour*, 290 Ga. at 556 (4); *Norris*, 289 Ga. at 155 (1). Apart from this sentencing error, however, we affirm the judgment below.

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013.

*Leo J. Kight, Jr.*, for appellant.

*Richard G. Milam, District Attorney, Mark S. Daniel, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine T. Parvis, Assistant Attorney General*, for appellee.